JS-6

Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　　Telephone: (213) 894-5410
　　　Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
9/6/13
CENTRAL DISTRICT OF CALIFORNIA
BY: ___PS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**THOMAS E. PEREZ**,
　Secretary of Labor,
　United States Department of Labor,

　　　　　Plaintiff,

　　　v.

**SILVER AGE NONE-EMERGENCY MEDICAL TRANSPORTATION, INC.,** a California Corporation, dba
**ALL AROUND AMBULANCE;**
**NV TRANSPORTATION SERVICES, INC,** a California Corporation,

　　　　　Defendants.

Case No. CV13-06331 PA(AJWx)

**CONSENT JUDGMENT**

　　　Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Silver Age None-Emergency Medical Transportation, Inc., a California Corporation, doing business as All Around Ambulance, and NV Transportation Services, Inc., a California Corporation, (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the

entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5).

B. Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

F. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors ore schedulers) have notice of, and understand, the provisions of this Consent Judgment.

G. Defendants understand and acknowledge that a U.S. Department of Labor investigation determined that they misclassified at least 22 of their employees who performed work as drivers of non-emergency medical transportation vehicles during the period from March 15, 2011 through and including March 14, 2013 ("Subject Period") as partners/shareholders ("Misclassified Employees").

H. Defendants understand and expressly acknowledge that the provisions

safeguards guaranteed under the FLSA to employees, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5), apply to the Misclassified Employees.

I. Defendants understand and expressly acknowledge that all individuals performing work, presently and in the future, for Defendants as drivers of non-emergency medical transportation vehicles are considered, classified as, or will be classified as, employees of Defendants. Defendants understand and expressly acknowledge that said employees enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5).

J. Defendants understand and acknowledge that a U.S. Department of Labor investigation determined that they violated Sections 7 and 15(a)(2) of the FLSA during the Subject Period by employing at least 22 of the Misclassified Employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, and by failing to pay such employees compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

K. Defendants understand and acknowledge that a U.S. Department of Labor investigation determined that they violated Sections 11(c) and 15(a)(5) of the FLSA during the Subject Period by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the FLSA. Defendants understand and expressly acknowledge that by the date Defendants sign this Consent Judgment, Defendants will keep accurate records of the wages, hours, and other work conditions and practices for each and every individual who performs any work for Defendants.

It is therefore, upon motion of the attorneys for the Secretary, and for cause

shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a) (2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(3) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants, jointly and severally, shall not continue to withhold the payment of $31,826 in overtime pay hereby found to be due under the FLSA to 22 employees, as a result of their employment by Defendants during the period of March 15, 2011 through March 14, 2013 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

4. Liquidated damages in the amount of $31,826 (constituting 100 percent of the

back wages that so became due) are hereby found to be due under the FLSA.

    5.    To accomplish the requirements of Paragraphs 3 and 4, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Boulevard, Suite 960, Los Angeles, CA 90017, the following:

    a. On or before September 20, 2013, a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone number of the corporate Defendants and showing the name, last known (home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

    b. Defendants shall deliver to Wage Hour the payments set forth on the attached Exhibit 2. Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full. Each check shall have the Firm name and "BWs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

    c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

    d. The Secretary shall allocate and distribute the funds described in paragraphs 3 and 4 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it,

shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

    a. Defendants shall record all hours worked by employees in the payroll records.

    b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    d. Defendants shall train all supervisors, managers and schedulers regarding the requirements of this consent judgment and shall provide a copy of this judgment to all supervisors, managers and schedulers.

    e. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

    f. Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

    g. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

    h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee.

    i. Defendants shall pay employees all of their wages and shall not classify any portion of the employees' wages as any form of profit-sharing or partnership or corporate distribution.

7. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

8. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

9. On at least an annual basis, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein;

1 | and, it is further

2 | ORDERED that each party shall bear its own fees and other expenses incurred by
3 | such party in connection with any stage of this proceeding, including but not limited to
4 | attorneys' fees, which may be available under the Equal Access to Justice Act, as
5 | amended; and, it is further

6 | ORDERED that this Court shall retain jurisdiction of this action for purposes of
7 | enforcing compliance with the terms of this Consent Judgment.

Dated: September 6, 2013.                    _____
                                              Percy Anderson, U.S. District Court Judge

For the Defendants:
The Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: Silver Age None-Emergency Medical Transportation Inc.,

By: _____    8·8·2013
    Milana Vaisman                  Date

Its: __President_____

For: NV Transportation Services, Inc.,

By: _____    8/8/2013
    Maya Vaisman                    Date

Its: _President_____

Attorneys for the Defendants,
LIEBER WILLIAMS & LABIN, LLP

_____      8-12-13
STANLEY P. LIEBER, Attorney           Date

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____        8-28-13
BORIS ORLOV, Attorney                  Date
Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT 1

Exhibit_1

| Name | | Period Covered | | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|---|---|
| Aguilar | Ruben | 03/27/2011 | - 03/10/2013 | $2,980.12 | $2,980.12 | $5,960.24 |
| Barrascouth | Oscar | 06/05/2011 | - 07/03/2011 | $90.96 | $90.96 | $181.92 |
| Carrillo | Juan | 12/11/2011 | - 03/10/2013 | $1,242.00 | $1,242.00 | $2,484.00 |
| Davoian | Samvel | 05/08/2011 | - 09/11/2011 | $467.04 | $467.04 | $934.08 |
| Ervie | Paul | 06/24/2012 | - 02/10/2013 | $720.88 | $720.88 | $1,441.76 |
| Hakobyan | Leonid | 05/08/2011 | - 02/17/2013 | $1,760.00 | $1,760.00 | $3,520.00 |
| Konkin | Boris | 04/10/2011 | - 03/10/2013 | $2,326.00 | $2,326.00 | $4,652.00 |
| Kornyshev | Gennady | 05/08/2011 | - 01/29/2012 | $499.71 | $499.71 | $999.42 |
| Markar | Aram | 03/11/2012 | - 06/03/2012 | $372.00 | $372.00 | $744.00 |
| Mesropyan | Khachatur | 09/23/2012 | - 03/10/2013 | $512.00 | $512.00 | $1,024.00 |
| Mikayelyan | Sukias | 08/26/2012 | - 03/10/2013 | $701.09 | $701.09 | $1,402.18 |
| Montalvan | Cesar | 03/27/2011 | - 03/10/2013 | $2,514.00 | $2,514.00 | $5,028.00 |
| Nerkararyan | Zhorik | 03/27/2011 | - 10/14/2012 | $1,671.39 | $1,671.39 | $3,342.78 |
| Penant | Selbim | 04/17/2011 | - 03/10/2013 | $2,532.96 | $2,532.96 | $5,065.92 |
| Petrosyan | Karen | 10/14/2012 | - 03/03/2013 | $384.00 | $384.00 | $768.00 |
| Ramos | Joseph | 05/15/2011 | - 03/10/2013 | $2,884.16 | $2,884.16 | $5,768.32 |
| Rivera | Jose | 03/27/2011 | - 03/10/2013 | $1,822.00 | $1,822.00 | $3,644.00 |
| Salguero | Antonio | 05/22/2011 | - 12/30/2012 | $320.00 | $320.00 | $640.00 |
| Topal | Andrey | 08/14/2011 | - 03/10/2013 | $1,719.09 | $1,719.09 | $3,438.18 |
| Tovmasian | Mikael | 01/15/2012 | - 03/03/2013 | $1,270.03 | $1,270.03 | $2,540.06 |
| Vargas | Mario | 07/10/2011 | - 03/10/2013 | $2,726.00 | $2,726.00 | $5,452.00 |
| Yevdoshchenko | Aleksandr | 04/24/2011 | - 03/03/2013 | $2,310.64 | $2,310.64 | $4,621.28 |
| | | | | $31,826.07 | $31,826.07 | $63,652.14 |

**Consent Judgment**  Page 12 of 13

## EXHIBIT 2

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 09/20/2013 | $5,304.34 | $9.98 | $5,314.32 |
| 2 | 09/30/2013 | $5,304.34 | $19.18 | $5,323.52 |
| 3 | 10/30/2013 | $5,304.34 | $38.14 | $5,342.48 |
| 4 | 11/30/2013 | $5,304.34 | $25.97 | $5,330.31 |
| 5 | 12/30/2013 | $5,304.34 | $45.53 | $5,349.87 |
| 6 | 01/30/2013 | $5,304.34 | $51.65 | $5,355.99 |
| 7 | 02/28/2014 | $5,304.34 | $32.75 | $5,337.09 |
| 8 | 03/30/2014 | $5,304.34 | $25.00 | $5,329.34 |
| 9 | 04/30/2014 | $5,304.34 | $34.09 | $5,338.43 |
| 10 | 05/30/2014 | $5,304.34 | $16.00 | $5,320.34 |
| 11 | 06/30/2014 | $5,304.34 | $24.97 | $5,329.31 |
| 12 | 07/30/2014 | $5,304.40 | $23.48 | $5,327.88 |
| **Totals:** | | **$63,652.14** | **$346.74** | **$63,998.88** |